IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

AUNDRE T. VAUGHN,

Defendant.                                                                No.05-30062-DRH

### ORDER

**HERNDON, Chief Judge:**

Defendant Aundre T. Vaughn is serving an 84 month term of imprisonment which was imposed by this Court on February 10, 2006 (Docs. 24 & 27). This term consists of 84 months on Counts 1, 3, & 4, and 60 months on Count 2, to run concurrently.

On October 2, 2008, Defendant Vaughn filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to **18 U.S.C. § 3582** (Doc. 31). The Court appointed counsel to represent Vaughn on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel has now moved to withdraw on the basis that he can make

no non-frivolous arguments in support of a reduction pursuant to **18 U.S.C. § 3582(c)**. *See Anders v. California*, **386 U.S. 738, 744 (1967)**. Vaughn did not respond to the motion to withdraw, even though he was given an opportunity to do so (Doc. 35).

**Section 3582(c)(2)** allows the Court to reduce a defendant's previously imposed sentence where "a defendant…has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**." In doing so, the Court must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under **§ 3582(c)(2)** must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see United States v. Forman*, **553 F.3d 585, 588 (7th Cir.), cert. denied sub nom** *McKnight v. United States*, **129 S.Ct. 1924 (2009)**.

Here, Vaughn cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission pursuant to **28 U.S.C. § 994(o)**." **18 U.S.C. § 3582 (c)(2)**. Amendments 706 and 711 amended **U.S.S.G. § 2D1.1(c)** as of November 1, 2007, to lower by two points the case offense levels associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to **U.S.S.G. § 2D1.1** by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended **U.S.S.G. § 2D1.1(c)** intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.

The Amendments did not, however, reduce the sentence range of defendants whose relevant conduct attributable to drugs other than crack cocaine was sufficient to support the original offense level. Vaughn was sentenced based on amounts of other drugs that were sufficient to establish his base offense level of 28 even excluding the crack cocaine. Thus, under the old and amended guidelines his relevant conduct warranted a base offense level of 28. The Amendment did not lower his guideline range, and he cannot satisfy the first criterion under **18 U.S.C. § 3582(c)(2)** for obtaining a sentence reduction.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 34) and **DISMISSES** the motion for sentence reduction (Doc. 31) for **lack of jurisdiction**. The Clerk is **DIRECTED** to mail a copy of this order to Defendant Aundre T. Vaughn, #05461-025, Memphis Federal Correctional Institution

(Millington), P.O. Box 2000, Memphis, TN 38083.

**IT IS SO ORDERED.**

Signed this 30th day of September, 2010.

/s/     David R Herndon

**Chief Judge**
**United States District Court**